IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01436-EWN-MJW

KEITH CLAYTON BROOKS, JR.,

Plaintiff,

v.

STEVE GAENZLE, et al.,

Defendants.

---

**RECOMMENDATIONS ON
DEFENDANTS' MOTION TO DISMISS (Docket No. 39)
and
DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT
(Docket No. 51)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before this court pursuant to a General Order of Reference to

United States Magistrate Judge (Including Dispositive Motions) issued by Chief Judge

Edward W. Nottingham on September 13, 2007 (Docket No. 11).

Plaintiff filed his original complaint (Docket No. 3) and first amended complaint

(Docket No. 5) without counsel.  Pro bono counsel was then appointed to represent the

plaintiff.  (Docket Nos. 29, 33-36).  Defendants then moved to dismiss the Amended

Complaint (Docket No. 39).  That motion is now before the court but is moot because

2

the Amended Complaint (Docket No. 39) is now an inoperative pleading.  With leave of

court, plaintiff, through counsel, filed a Second Amended Complaint.  (Docket No. 50).

Defendants move to dismiss that pleading (Docket No. 51), and that dispositive motion

is also now before the court for recommendation.

The court has reviewed the motions (Docket Nos. 39 and 51), the response to

the second motion (Docket No. 53), and the reply.  In addition, the court has

considered the court's file and applicable statutes and case law.  The court now being

fully informed makes the following findings, conclusions of law, and recommendations.

**Plaintiff's Allegations**

Plaintiff, through counsel, asserts the following in his Second Amended

Complaint (Docket No. 50), which is brought pursuant to 42 U.S.C. §§ 1983, 1985, and

1988, and Colorado law.

On October 17, 2005, plaintiff and an acquaintance, Nick Acevedo, approached

a private residence with the intent to burglarize the home.  Allegedly unbeknownst to

plaintiff, Acevedo was armed with a handgun.  A neighbor who witnessed the two

forcibly enter the garage through a side door called 911.  Defendant Sheriff Deputies

Gaenzle and Smith responded to the call.  They approached the still-open side garage

door and then burst through it with weapons in a ready position.  They observed

Acevedo, a white male, rummaging through articles in the garage.  Acevedo quickly ran

into the house through a door connected to the kitchen, which he closed behind him.

Gaenzle kicked at the door, which opened part way.  He could see Acevedo's shoulder

trying to force the door shut.  Gaenzle kicked at the door twice more, and each time he

3

could see Acevedo's clothing and his shoulder forcing the door shut.  After the third

kick, Acevedo fired a bullet through the door which passed by Gaenzle.

Plaintiff was inside the house.  Alarmed by the sound of Gaenzle kicking the

door and the sound of voices, plaintiff left a back bedroom and came into the kitchen.

Just as plaintiff arrived, Acevedo pulled a gun from inside his clothing and fired the shot

through the door.  Acevedo turned and ran out a sliding glass door that is located in the

kitchen/dining room area and into the backyard.  Moments later, plaintiff ran out

through that door into the backyard.

After the gunshot, Gaenzle and Smith retreated back out the side garage door,

which gave them an obstructed view of the backyard.  They saw a black male (the

plaintiff) run across the yard and then start to climb a six-foot high fence.  Plaintiff

claims he was unarmed and fleeing.  Gaenzle fired one shot at plaintiff as he climbed

the fence, striking plaintiff in the lower back.  Despite his wound, plaintiff climbed the

fence and fled the scene.  Plaintiff claims that to justify their unlawful shooting,

defendants Geanzle and Smith falsely stated in their reports that plaintiff was armed.

Based upon the above allegations, plaintiff raises the following four claims.

First, Gaenzle violated plaintiff's clearly-established right under the Fourth and

Fourteenth Amendments to the United States Constitution to be free from unreasonable

seizures of his person by intentionally or with deliberate indifference using excessive

and deadly force to effect plaintiff's arrest in violation of 42 U.S.C. § 1983.  (Claim I).

Second,  Gaenzle assaulted and battered him (Count II).  Third, Gaenzle and Smith

violated plaintiff's clearly-established right under the Fourteenth Amendment to due

4

process by intentionally and with deliberate indifference making false reports and statements in official proceedings in order to justify Gaenzle's unconstitutional use of excessive and deadly force to effect plaintiff's arrest, all in violation of § 1983. (Claim III). Also, Gaenzle and Smith conspired to make false reports and statements in the official proceedings investigating Gaenzle's shooting of the plaintiff in violation of § 1983. (Claim III). In addition, "El Paso County, Sheriff Terry Maketa, and the El Paso County Sheriff's Department countenanced and encouraged Gaenzle's and Smith's violations of plaintiff's due process rights by intentionally and with deliberate indifference encouraging the filing of false reports, by conspiring with them, or by wilfully or recklessly accepting and adopting said reports despite the obvious inconsistencies and evidence of falsification contained therein." (Claim III). Fourth, El Paso County, Sheriff Maketa, and the El Paso County Sheriff's Department had a policy and/or custom to inadequately supervise and train its deputies, including defendant Gaenzle. (Claim IV).

**Defendants' Motion to Dismiss**

Defendants move to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the following grounds: (1) plaintiff's claims should be dismissed under the Younger abstention doctrine; (2) plaintiff's claims against the named defendants are barred by good faith immunity; (3) plaintiff's state law tort claims are barred by sovereign immunity; (4) plaintiff's Second Amended Complaint fails to state a claim on which relief may be granted; and (5) plaintiff's claims against the county defendants fail to establish that the county defendants owed him a duty or

5

deprived him of a constitutional right.

Rule 12(b)(1):

empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).  As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear.  *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994).  Statutes conferring jurisdiction on federal courts are to be strictly construed.  *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms.  First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true.  *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact.  *See id.* at 1003.  A court's consideration of evidence outside the pleadings will not convert the the motion to dismiss to a motion for summary judgment under Rule 56.  *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp. 2d

1091, 1094-95 (D. Colo. 2001).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must

accept all factual allegations in the complaint as true and resolve all reasonable

inferences in plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124,

1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A

case should not be dismissed for failure to state a claim unless the court determines

beyond doubt that plaintiff can prove no set of facts which entitles him to relief.  Hishon

6

v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46

(1957).

### Abstention

Defendants first assert that the plaintiff's claims should be dismissed under the

Younger [Younger v. Harris, 401 U.S. 37 (1971)] abstention doctrine.  They note that

on January 19, 2007, the plaintiff was convicted in Colorado state court of attempted

first degree murder of former deputy Gaenzle, theft, burglary, and assault.  He was

found to be an habitual criminal on February 13, 2007, was to be sentenced in April

2007, and was facing 96 years in prison.  Defendants note that the plaintiff has all of

his appeal rights of that conviction in the Colorado Court of Appeals, and they assert

that the plaintiff did, had, or will have the opportunity to raise the very claims asserted

in this federal action in any appeal in the state courts.  Therefore, defendants contend

that this court lacks jurisdiction and should dismiss the plaintiff's claims asserted in his

Second Amended Complaint.

"*Younger* abstention dictates that federal courts not interfere with state court

proceedings by granting equitable relief - such as injunctions of important state

proceedings or declaratory judgments regarding constitutional issues in those

proceedings - when such relief could adequately be sought before the state court."

Amanatullah v. Colorado Bd. of Med. Exam'rs, 187 F.3d 1160, 1163 (10th Cir. 1999).

The Tenth Circuit has stated with respect to abstention that:

> [i]n determining whether *Younger* abstention is appropriate, a court
> considers whether: "(1) there is an ongoing state criminal, civil, or
> administrative proceeding, (2) the state court provides an adequate forum

to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." . . .  Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain. . . .

Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir.

2003) (citations omitted).

Here, the court agrees with the plaintiff that the Younger abstention doctrine

does not apply because the issues being adjudicated in the state criminal proceedings

are different from those being adjudicated in this case.  Plaintiff correctly asserts that

this case raises the constitutional question of whether the defendants utilized excessive

force when plaintiff's arrest was effected; it does not question the plaintiff's underlying

conviction.  This court does not agree with plaintiff, however, that his acquittal of

possession of a firearm during the burglary proves that he did not fire on the deputies

and/or that he was unarmed when Deputy Gaenzle fired his weapon at him because

this case and the criminal case have different standards of proof.  Anyway, since the

state criminal proceedings do not provide a forum to hear the claims plaintiff raises in

the instant case, the Younger doctrine does not apply.  Therefore, dismissal is not

warranted on this ground.

**Good Faith Immunity**

"Qualified immunity shields an officer from suit when [he] makes a decision that,

even if constitutionally deficient, reasonably misapprehends the law governing the

circumstances [he] confronted."  Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (citing

8

Saucier v. Katz, 533 U.S. 194, 206 (2001) (qualified immunity operates "to protect

officers from the sometimes 'hazy border between excessive and acceptable force'")).

"Because the focus is on whether the officer had fair notice that [his] conduct was

unlawful, reasonableness is judged against the backdrop of the law at the time of the

conduct.  If the law at that time did not clearly establish that the officer's conduct would

violate the Constitution, the officer should not be subject to liability or, indeed, even the

burdens of litigation."  Id.

In this case, the defendants assert that defendants Gaenzle and Smith were

deputies of the El Paso County Sheriff's Office, performing their official duties within the

course and scope of their positions, and they enjoy good faith immunity (qualified

immunity) from suit for the alleged violations of the plaintiff's constitutional rights.  They

contend that plaintiff's allegations in the Second Amended Complaint that his Fourth

and Fourteenth Amendment rights were violated lack sufficient foundation in fact to

overcome the individual defendants' good faith immunity, and, therefore, the

individually-named defendants should be dismissed.  Defendants assert that plaintiff

fails to allege any facts to support his claims that the two deputies violated clearly-

established law or that their actions were unreasonable.  According to the defendants,

> [s]hots had been fired at the deputies.  Plaintiff was seen fleeing and
> ordered to stop.  Plaintiff's failing to comply with the lawful orders of the
> deputies made the actions of the named County Defendants reasonable.
> Because the named County Defendants [sic] actions were reasonable,
> the Plaintiff's further allegations of failure to train or supervise are without
> merit.  Further, based on Plaintiff's conviction, his claims that the County
> Defendants lied, or had a custom or policy to encourage same also lacks
> merit.

9

(Docket No. 51 at 5, ¶ 9).

The ruling in <u>Brosseau v. Haugen</u>, 543 U.S. 194 (2004), was issued ten months

before the incident at issue here.  In <u>Brosseau</u>, the United States Supreme Court

stated:

> When confronted with a claim of qualified immunity, a court must ask first the following question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? . . .   <u>Tennessee v. Garner</u>, 471 U.S. 1 . . . (1985), and <u>Graham v. Connor</u>, 490 U.S. 386 . . . (1989) . . . establish that claims of excessive force are to be judged under the Fourth Amendment's "'objective reasonableness'" standard. . . .   Specifically with regard to deadly force, we explained in <u>Garner</u> that it is unreasonable for an officer to "seize an unarmed, nondangerous suspect by shooting him dead." . . . But "[w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force."

<u>Id.</u> at 197.

Examining the allegations in the Second Amended Complaint in the light most

favorable to the plaintiff, this court cannot say at this point in the litigation that the

plaintiff has failed to plead facts sufficient to sustain a claim for excessive force

inasmuch as plaintiff alleges that the defendants shot an unarmed, fleeing suspect.

Defendants, however, claim that the plaintiff was armed.  There is thus a genuine issue

of material fact concerning the objective reasonableness of the deputy's conduct which

precludes dismissal of the plaintiff's claims on qualified immunity grounds at this time.

**Sovereign Immunity**

Defendants contend that the plaintiff's state law tort claims are barred by

sovereign immunity. They assert that "given the facts of this case, in that Deputies

10

Gaenzle and Smith were properly performing discretionary law enforcement activities as members of the El Paso County Serhiff's Office under the direction of Sheriff Maketa at the times alleged in the Second Amended Complaint," there is no express waiver of sovereign immunity pursuant to the Colorado Governmental Immunity Act, §§ 24-10-101 *et seq.*, C.R.S.  Therefore, they contend that the court has no subject matter jurisdiction over the state law claims.

Plaintiff correctly points out, however, that the only state law claim in his Second Amended Complaint is Count II for assault and battery which is against only defendant Gaenzle in his individual capacity.  It is not a claim against the sovereign.  Individual officers can be liable for assault and battery.  See Ramos v. City of Pueblo, 28 P.3d 979 (Colo. App. 2001).  Dismissal is thus not warranted on sovereign immunity grounds.

### Failure to State a Claim

Next, defendants contend that the plaintiff's Second Amended Complaint fails to state a claim on which relief may be granted.  They contend that plaintiff's conclusory allegations, unsupported by facts, are insufficient to state a claim for relief and should be dismissed.  Defendants further assert that "[w]here a government official's act causing injury to life, liberty or property is merely negligent, no procedure for compensation is constitutionally required."  (Docket No. 51 at 8, ¶ 17) (quoting Daniels v. Williams, 474 U.S. 327, 333 (1986)).  In addition, defendants assert that defendant Maketa, the El Paso County Sheriff, should be dismissed because nowhere in the Second Amended Complaint is he named as being personally involved or event

11

present at the time the claimed events took place, or as having expressly or otherwise

authorized or supervised the conduct that allegedly caused the constitutional violation,

and he may not be held liable merely under the theory of *respondeat superior*.

Defendants further assert that plaintiff's allegations that the Sheriff and the Sheriff's

Department failed to train and supervise members of the Sheriff's Office are simply not

supported by the facts, and there is no material issue of fact that would enable a fact-

finder to conclude otherwise.  Plaintiff also has allegedly not shown that the municipal

action was taken with the requisite degree of culpability and has not demonstrated a

direct causal link between the municipal action and the deprivation of federal rights.

Therefore, defendants assert that the plaintiff's claims against the Sheriff and the

Sheriff's Department should be dismissed as a matter of law.

Upon a review of the Second Amended Complaint, this court finds that at this

early stage of the litigation, plaintiff has adequately stated claims, and the factual bases

therefore, against all of the defendants.  As plaintiff correctly asserts, for purposes of a

motion to dismiss, the allegations in his complaint are accepted as true.  There is no

basis for dismissal for failure to state a claim at this time.  No discovery has been

conducted in this case.

**County Defendants**

Finally, defendants assert that the plaintiff's claims against the county

defendants fail to establish that the county defendants owed him a duty or deprived him

of a constitutional right.  They contend that the plaintiff has not alleged any facts that

the municipal action was taken with the requisite degree of culpability and that

12

demonstrate a direct causal link between the municipal action and the deprivation of

federal rights.  Defendants also contend that it is virtually impossible under Colorado

law for plaintiff to allege and prove such facts.  More specifically, they assert that § 30-

11-107, C.R.S., expressly defines the powers of the County Commissioners, and under

that section the legislature has not given the Board any authority to establish policies

and procedures for the El Paso County Sheriff's Department.  Accordingly, defendants

claim that the Board does not adopt, review, and/or recommend policy at the Sheriff's

Department, and they claim that the Board's only responsibility with respect to the

Sheriff's Department is to provide its funding.  Therefore, since the plaintiff has

purportedly not alleged facts to link the Sheriff's actions to the Board, defendants

assert that his claims with respect to the Board should be dismissed.

As found above, however, upon a review of the Second Amended Complaint,

this court finds that at this early stage of the litigation, plaintiff has adequately stated

claims, and the factual bases therefore, against all of the defendants.  As plaintiff

correctly asserts, for purposes of a motion to dismiss, the allegations in his complaint

are accepted as true.  There is no basis for dismissal for failure to state a claim at this

time.  No discovery has been conducted in this case.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants' Motion to Dismiss (Docket No. 39) be denied

as moot.  It is further

**RECOMMENDED** that Defendants' Motion to Dismiss Second Amended

Complaint (Docket No. 51) be denied.

13

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:        June 25, 2007                          s/ Michael J. Watanabe
             Denver, Colorado                       Michael J. Watanabe
                                                    United States Magistrate Judge