IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01436-EWN-MJW

KEITH CLAYTON BROOKS, JR.,

    *Plaintiff,*

v.

DEPUTY STEVE GAENZLE, Personal/Professional,
DEPUTY PAUL SMITH, Personal/Professional,
SHERIFF TERRY MAKETA, Personal/Professional (SHERIFF OF EL PASO COUNTY,
    COLORADO)
EL PASO COUNTY, COLORADO,

    *Defendants.*

---

**PROTECTIVE ORDER**

---

THE UNDERSIGNED HAVING REVIEWIED Defendants' Motion for Protective Order together with any response and reply thereto, if any, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and having reviewed the file and being otherwise advised in the premises, now sets forth the following Protective Order:

    1.    In this action, much of the evidence consists of files compiled by the El Paso County Sheriff's Office ("EPSO"). The EPSO files contain highly confidential and sensitive information. The parties anticipate seeking additional confidential information during discovery and that there will be questioning concerning confidential information in the course of depositions. The parties assert that the disclosure of such information outside the scope of this

1

litigation could result in injury to the business and privacy interests of one or more of the parties. In order to protect the confidentiality of this information, the parties have entered into this stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of such information except as set forth herein.

2.  "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated by one of the parties in the manner provided in paragraphs 7 and 8 below as CONFIDENTIAL.

3.  Information designated as CONFIDENTIAL shall first be reviewed by a lawyer and the designation of information as CONFIDENTIAL must be based on a good faith belief that the information is confidential, implicates common law or statutory privacy interests, or is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

4.  Confidential information shall not be disclosed or used for any purposes outside of this litigation. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Order of the Court.

5.  Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone except:

    (a)   attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the litigation of this case;

(c) the parties, including the parties' employees, officers, insurers, and directors actively participating in the litigation of this case;

(d) expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for the litigation of this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case; and

(g) other persons by written agreement of the parties.

6. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel disclosing the Confidential Information shall provide such person with a copy of this Protective Order, confirm that such person has read the Protective Order and by accepting and reviewing the Confidential Information agrees to be bound by the provisions of the Protective Order. In addition, counsel shall be responsible to maintain a list of the names and addresses of each individual to whom counsel provides the Confidential Information, and the list shall be subject to *in camera* review by the Court if good cause for review is demonstrated by any party.

7. When Confidential Information is produced, disclosed, or otherwise provided by a party, it will be designated as Confidential Information by imprinting or affixing the word

CONFIDENTIAL on each and every page of any document produced, in a manner that will not interfere with the legibility of the document or response, or by imprinting the word CONFIDENTIAL next to any response to discovery which contains Confidential Information.

8. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of certain information as CONFIDENTIAL within 14 days from the receipt of such document or information, by sending notice of such objection to the designating party in writing, identifying the confidential document or information as to which objection is made. The designating party shall respond within 14 days from receipt of such notice. If the parties cannot agree with respect to the treatment to be accorded the document or information that has been designated as CONFIDENTIAL, any party may seek a ruling from the Court with respect to that designation. The document or information shall continue to have CONFIDENTIAL status from the time it is produced until the ruling by the Court. In the event it is necessary for the parties to file Confidential Information with the Court or to discuss the contents of information designated as CONFIDENTIAL in connection with any pleading, motion, or other filing with the Court, all such documents and Confidential

**STIPULATED AS TO FORM:**

Date:  July 27, 2007

By: s/Andrew C. Gorgey
Andrew C. Gorgey, #28923
Jay A. Lauer, #21151
Lori L. Seago, #29458
Office of the County Attorney of
El Paso County, Colorado
27 E. Vermijo Ave., Third Floor
Colorado Springs, CO 80903
(719) 520-7013
ATTORNEYS FOR DEFENDANTS

Information shall be filed in accordance with the requirements of Fed.R.Civ.P. 26(c)(8), and D.C.Colo.LCivR 7.2 and 7.3, in a sealed envelope with the following statement typed conspicuously thereon: THIS DOCUMENT IS FILED UNDER SEAL. UNLESS OTHERWISE ORDERED BY THE COURT, IT SHALL NOT BE REPRODUCED FOR NOR SHOWN TO PERSONS OTHER THAN THOSE ENTITLED TO HAVE ACCESS TO SUCH DOCUMENTS UNDER THE PROTECTIVE ORDER ENTERED ON [~~date of entry of Order~~] July 30, 2007 IN KEITH CLAYTON BROOKS, JR. V. EL PASO COUNTY, COLORADO ET AL, CASE NO. 06-cv-01436-EWN-MJW

[handwritten: MJW 7-3-07]

10. This Protective Order does not restrict or otherwise limit a party's right to endorse and tender exhibits for trial. In the event that Confidential Information is to be offered at trial, the affected parties may file motions for protective orders as necessary.

11. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order [handwritten: until Termination of the case.] [handwritten: MJW 7-3-07]

12. At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. If a party elects to destroy CONFIDENTIAL documents, the destroying party or counsel shall provide all other parties with a written statement confirming the destruction.

5

13.     The remedy for willful and non-willful violations of this Protective Order shall be as follows: sanctions as determined by the Court.

14.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

WHEREFORE, upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of Confidential Information in this case, the Protective Order as set forth herein is made an Order of the Court.

IT IS SO ORDERED this 30th day of July 2007.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

6