IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01436-EWN-MJW

KEITH CLAYTON BROOKS, JR.,

Plaintiff,

v.

STEVE GAENZLE, et al.,

Defendants.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO TRANSPORT (DOCKET NO. 113)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Transport (docket no. 113). The court has reviewed the motion, the response (docket no. 116), and reply (docket no. 117). In addition, the court has taken judicial notice of the court's file and considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff, who is incarcerated, seeks an order from this court directing the Defendants to transport him from the Limon Correctional Facility in Limon, Colorado, to the El Paso County CJC in Colorado Springs, Colorado, and to transport him to his medical appointments with his treating physician, Dr. Bowser, a neurologist, at Defendants' expense, so Dr. Bowser can render his opinions in this case. Plaintiff is

confined in the Limon Correctional Facility as a result of criminal convictions for the incidents underlying this civil action. Accordingly, Plaintiff is under the exclusive custody and control of the Executive Director for the Colorado Department of Corrections. Furthermore, the incarcerated Plaintiff is represented by Pro Bono Counsel, Paul S. Swedlund and John D. Phillips.

In Defendants' response (docket no. 116), Defendants argue that they are no longer Plaintiff's temporary custodian, but instead, the Plaintiff is in the care, custody, and control of the Colorado Department of Corrections. Defendants further argue that the incarcerated Plaintiff is now a civil plaintiff and not a criminal defendant. Therefore, Defendants assert they have no current duty to transport Plaintiff or to provide him with medical care. See Pennsylvania Bur. of Correction v. U.S. Marshal Service, 474 U.S. 34, 38-39 (1985). They assert that in essence, Plaintiff is asking them to facilitate prosecution of the Plaintiff's civil case against them, which they contend is inequitable.

Here, the court finds that the incarcerated Plaintiff has cited no legal authority for the relief sought, and the court has found no such authority.[1] Plaintiff, of course, may make the appropriate arrangements with the Colorado Department of Corrections to have his treating physician, Dr. Bowser, a neurologist, or another suitable expert examine Plaintiff at the Limon Correctional Facility or wherever Plaintiff is incarcerated at the time of examination.

**ORDER**

---

[1] The Plaintiff has failed to comply with D.C.COLO.LCivR 7.1 by not citing any legal authority in his subject motion.

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion for Transport (docket no. 113) is **DENIED**;

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 14th day of January 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE