IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01436-EWN-MJW

KEITH CLAYTON BROOKS, JR.,

Plaintiff,

v.

STEVE GAENZLE, et al.,

Defendants.

---

**ORDER ON
DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER TO SECOND
AMENDED COMPLAINT AND COUNTERCLAIM (DOCKET NO. 123)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Defendants' Motion for Leave to Amend Answer to Second Amended Complaint and Counterclaim (docket no. 123). The court has reviewed the motion, response (docket no. 131), and reply (docket no. 133). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendants' subject motion (docket no. 123) is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in

deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). The second step is consideration of whether the defendants have satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a): Rule 15(a) provides that "[t]he court should freely give leave when justice so requires." Refusing leave to amend is generally justified only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. Id. at 669 (citation omitted).

Here, the court finds that on February 1, 2007, Plaintiff filed his Second Amended Complaint (docket nos. 49 and 50). On February 16, 2007, Defendants

filed a Motion to Dismiss Second Amended Complaint (docket no. 51). On June 26, 2007, Magistrate Judge Watanabe issued his Recommendation on Defendants' Motion to Dismiss (docket no. 39) and on Defendants' Motion to Dismiss Second Amended Complaint (docket no. 51). *See* docket no. 55. On September 11, 2007, Chief Judge Nottingham entered his Order Accepting Magistrate Judge's Recommendation (docket no. 80). In his Order (docket no. 80), Chief Judge Nottingham denied the Defendants' Motion to Dismiss (docket no. 39) and the Defendants' Motion to Dismiss the Second Amended Complaint (docket no. 51). On October 1, 2007, following Chief Judge Nottingham's Order (docket no. 80), the Defendants filed their Answer to the Second Amended Complaint and Counterclaim (docket no. 90). Under these facts, this court finds that it would be fundamentally unfair not to allow Defendants to amend their Answer to the Second Amended Complaint and Counterclaim. The court notes that the added affirmative defenses of res judicata, collateral estoppel, and abstention are predominantly legal defenses that will require little, if any, additional discovery. Also, the additional defenses of failure to state a claim; limitations for punitive damages for state claims under § 13-21-102, C.R.S.; self-defense; defense of others; law enforcement privilege defenses as to use of force and for providing information concerning criminal behavior under § 13-80-119, C.R.S. (Injury during commission and/or flight from a felony) will require little, in any, additional discovery. The court further finds that the discovery cut-off date is April 15, 2008, and both sides will have sufficient time to complete discovery on such affirmative defenses listed above, and, therefore, Plaintiff will not be

prejudiced. Lastly, this court finds that Defendants were unable to meet the deadline to amend pleadings as a result of "unanticipated circumstances" as listed above, and Defendants have established "good cause" to amend.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' Motion for Leave to Amend Answer to Second Amended Complaint and Counterclaim (docket no. 123) is **GRANTED**;

2. That Defendants' Amended Answer to Second Complaint and Counterclaim (docket no. 123-3) is accepted for filing today; and,

3. That each party shall pay their own attorney fees and costs.

Date: February 4, 2008  s/ Michael J. Watanabe
Denver, Colorado  Michael J. Watanabe
United States Magistrate Judge