IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01436-EWN-MJW

KEITH CLAYTON BROOKS, JR.,

Plaintiff,

v.

STEVE GAENZLE, et al.,

Defendants.

---

**ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DISCOVERY
(DOCKET NO. 141)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' Motion to Compel Discovery (docket no. 141). The court has reviewed the subject motion and the response (docket no. 143) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Defendants seek an order from this court compelling Plaintiff to fully respond to Plaintiffs' interrogatories 5, 8, 9, and 10 and an order from this court compelling Plaintiff to provide to Defendants fully-executed releases of his medical records, criminal records, and inmate/jail records.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 141);

4. That Plaintiff's amended complaint was filed 13 months prior to the close of discovery;

5. That the shooting in this case was investigated by the El Paso County Sheriff's Department and the District Attorney for the 4th Judicial District for the State of Colorado. Further investigation was conducted by the Colorado Springs Police Department, and reports generated from these investigations have been provided to both sides in this lawsuit;

6. That the responses that were provided to Defendants by Plaintiff to Defendants' interrogatories 5, 8, 9, and 10 are complete and adequate, noting that Defendants have also received Plaintiff's Rule 26(a)(1) disclosures and the various police and criminal investigation reports from the law enforcement agencies as listed above in paragraph 5, and Defendants have also had the opportunity and ability to depose Plaintiff per the Rule 16

Scheduling Order and other fact witnesses;

7. That as to the written releases of Plaintiff's medical records, criminal records, and inmate/jail records, Plaintiff agreed to sign such written releases so long as such documents would be delivered to Plaintiff's counsel for review first. Thereafter, Plaintiff's counsel would screen such documents for any information contained therein which may be private or non-discoverable and then deliver such redacted documents to Defendants along with a privilege log of any redacted information. *See* Plaintiff's Letter dated March 11, 2008 at page 2. This proposal was rejected by Defendant; and,

8. That there may be some information contained in Plaintiff's medical records, criminal records, and inmate/jail records that is privileged or otherwise non-discoverable.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' Motion to Compel Discovery (docket no. 141) is **DENIED WITHOUT PREJUDICE** as follows;

2. That Plaintiff is not required to respond further to Defendants' interrogatories 5, 8, 9, and 10;

3. That Plaintiff shall forthwith provide fully-executed written releases

to Plaintiff's counsel for Plaintiff's medical records, criminal records, and inmate/jail records;

4. That Plaintiff's counsel shall review Plaintiff's medical records, criminal records, and inmate/jail records forthwith and provide Defendants, after such review, with copies of such documents either in a redacted form along with a privilege log or unredacted form;

5. That Defendants shall have ten (10) days upon receipt of any redacted document to file any further appropriate motion to compel; and,

6. That each party shall pay their own attorney fees and costs for this motion.

Done this 3rd day of April 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE