**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 06-cv-01436-CMA-MJA

KEITH CLAYTON BROOKS, JR.,

     Plaintiff,

v.

STEVE GAENZLE, Individually and in His Official Capacity as Deputy
PAUL SMITH, Individually and in His Official Capacity as Deputy
TERRY MAKETA, Individually and in His Official Capacity as Sheriff
EL PASO COUNTY SHERIFF'S DEPARTMENT, and
EL PASO COUNTY,

     Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES
AND GRANTING MOTION FOR LEAVE TO PROCEED
WITH TAXATION OF BILL OF COSTS**

---

This matter is before the Court on Defendants' Motion for Attorney Fees (Doc. # 189) and Motion for Leave to Proceed with Taxation of the Bill of Costs (Doc. # 194). For the following reasons, the Court DENIES Defendants' Motion for Attorney Fees and GRANTS Defendants' Motion for Leave to Proceed with Taxation of the Bill of Costs.

I.   **BACKGROUND**

Plaintiff Keith C. Brooks, Jr., filed this action against Defendants Steve Gaenzle, Paul Smith, Terry Maketa, individually and in their official capacities as sheriff and deputies of the El Paso County Sheriff's Department, the El Paso County Sheriff's Department, and El Paso County. This action arises from incidents surrounding

Defendants' investigation of, and reports and statements concerning, a reported house burglary and the ensuing use of force to apprehend Plaintiff as he fled the scene of the burglary.

At this late stage in the proceedings, the Court presumes that the parties are well-acquainted with the facts. Therefore, the Court provides only a brief summary of the facts, for purposes of the pending Motions. On October 17, 2005, Plaintiff and an acquaintance approached a private residence with the intent to commit a burglary. Plaintiff's acquaintance was armed with a handgun. Soon after Defendants Gaenzle and Smith arrived at the scene, Plaintiff's acquaintance fired a gunshot through a closed door, outside of which Defendants Gaenzle and Smith were standing. Soon after the gunshot, Defendants Gaenzle and Smith saw Plaintiff flee the house and run across the backyard to a six-foot high fence surrounding the home. As Plaintiff began to climb the fence, Defendant Gaenzle fired one shot at Plaintiff, striking Plaintiff in the lower back. Despite his wound, Plaintiff proceeded to flee the scene. Plaintiff was not armed at the time.

In his Second Amended Complaint (Doc. # 50), Plaintiff contends that Defendants' use of deadly force as he fled the scene of the burglary was unreasonable and deadly. Plaintiff also contends that, in order to justify the use of force, Defendants Gaenzle and Smith unlawfully reported in police reports that Plaintiff was armed. Plaintiff alleged four claims against Defendants: Count I (violation of 42 U.S.C. § 1983) arising from alleged violations of Plaintiff's Fourth and Fourteenth Amendment rights to

2

be free from unreasonable seizures and excessive deadly force (*i.e.*, the gunshot fired

by Defendant Gaenzle); Count II (assault and battery) also arising from the aforesaid

gunshot; Count III (violation of 42 U.S.C. §§ 1983, 1985) arising from alleged violations

of Plaintiff's Fourteenth Amendment rights to due process stemming from Defendants'

alleged false reports and statements concerning their need to use force in apprehending

Plaintiff; and Count IV (violation of 42 U.S.C. § 1983) arising from Defendants' El Paso

County, Sheriff Terry Maketa, and El Paso County Sheriff's Department alleged failure

to train deputies and enforce policies concerning the use of force to apprehend fleeing

suspects.

On May 1, 2008, pursuant to Plaintiff's Stipulated Motion to Dismiss, then Chief

Judge Edward W. Nottingham dismissed Paragraph 23 of Count III and Count IV of the

Second Amended Complaint, without prejudice.  (Doc. # 156).  On April 30, 2008,

Defendants filed a Motion for Summary Judgment on Plaintiff's remaining claims.

Pursuant to a General Order of Reference issued by former Chief Judge Nottingham

(Doc. #11), on February 19, 2009, Magistrate Judge Watanabe recommended that

Defendants' Motion for Summary Judgment be granted.  (Doc. #170) (hereinafter, the

"Recommendation").  On September 29, 2009, after reviewing Plaintiff's objections to

the Recommendation and Defendants' response, this Court adopted Magistrate Judge

Watanabe's Recommendation and granted Defendants' Motion for Summary Judgment.

(Doc. # 182.)

## II.  DEFENDANTS' MOTION FOR ATTORNEYS' FEES

In light of the Court's grant of summary judgment, Defendants have filed the instant Motion for Attorney Fees (Doc. # 189) pursuant to C.R.S. § 24-10-115(5)(c). Section 24-10-115(5)(c) states:

> In any action against a public employee in which exemplary damages are sought based on allegations that an act or omission of a public employee was willful and wanton, if the plaintiff does not substantially prevail on his claim that such act or omission was willful and wanton, the court shall award attorney fees against the plaintiff or the plaintiff's attorney or both and in favor of the public employee.

Defendants contend that the statute's use of the word, "shall" necessitates an award of attorneys' fees.  (Doc. # 189, ¶ 8.)  In their Reply, Defendants further contend that the statute mandates a fee award where, as in the instant case, Plaintiff had sought exemplary damages.  (Doc. # 198, ¶ 1.)  In support of their Motion, Defendants have attached the affidavit of one of their attorneys, Gordon L. Vaughan, and about 99 pages of accompanying invoices representing the attorneys' fees incurred in connection with the defense of this action.  (Doc. # 189-2 and 189-3.)

Plaintiff contends that attorneys' fees are not warranted in this case because Plaintiff filed his claims in federal court and, therefore, Defendants' motion for fees is governed primarily by federal law considerations.  (Doc. # 193 at 5.)  Plaintiff heavily relies on *Haynes v. City of Gunnison*, 214 F. Supp.2d 1119 (D. Colo. 2002) (denying officers' motion for attorneys' fees).

For similar reasons as discussed below, the Court agrees that an attorneys' fees award is not warranted.  Under Colorado law, the party seeking an award of attorneys'

4

fees bears the burden of proving, by a preponderance of the evidence, that it is entitled to such an award. *Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 383 (Colo. 1994). Defendants have not met their burden because they fail to accurately reflect which attorneys' fees were incurred in defense of claims subject to C.R.S. § 24-10-110(5)(c).

The Court agrees that the *Haynes* decision is wholly applicable to the instant case. In *Haynes*, an individual plaintiff sued a city and several of its officers, alleging civil rights violations under 42 U.S.C. § 1983 and accompanying state law claims for battery, false imprisonment, and intentional infliction of emotional distress. The plaintiff did seek exemplary damages, but never alleged that, in connection with the state claims, the defendants acted willfully and wantonly. A jury found in favor of the defendants, who subsequently filed a motion for attorneys' fees under section 24-10-110(5)(c) of the Colorado Revised Statute. As in *Haynes*, the instant action is primarily a section 1983 action brought by Plaintiff, and the single state claim (Count II for assault and battery) arises from the same alleged facts and conduct as Plaintiff's section 1983 unreasonable seizure and excessive force claim (Count I). Thus, Plaintiff's only state law claim completely overlaps with his first federal claim.

Contrary to Defendants' assertion, section 24-10-110(5)(c) only "applies to claims made under **state** law against public employees in which exemplary damages are sought based on allegations that the public employee acted willfully or wantonly." *Haynes*, 214 F. Supp. 2d at 1120. (emphasis added). The statute does not mandate

5

a fee award for **any** claim that seeks exemplary damages, and Defendants have cited

no authority to the contrary.  State and federal law, as well as federal policy support the

Court's finding that a fee award is not warranted in the instant case.  *See id.* at 1122

(citing to several state and federal cases which promote the careful review and

allocation of attorneys' fees to avoid "awarding fees for work performed on overlapping

claims that are not covered by a fee shifting statute or rule.")

     In the instant case, Defendants implicitly concede that the federal and state

claims overlap, by contending that "all the fees and claims are inextricably intertwined."

(Doc. #198, ¶ 2).  The instant action is primarily a section 1983 action, with three of the

four claims alleging federal constitutional violations.  The single state law claim arises

from the same alleged conduct that supports Plaintiff's first claim for a section 1983

violation.

     Because the instant lawsuit is primarily a section 1983 action and the single state

law claim overlaps with at least one federal claim, the Court concurs with Judge John L.

Kane's analysis in *Haynes* that the policy underpinnings of 42 U.S.C. § 1988 are

instructive and complement the purposes of C.R.S. § 24-10-110(5)(c).[1]  *See id.* at 1122-

23.  Section 1988(b) grants courts the discretion to award reasonable attorneys' fees to

the prevailing party in actions brought under various federal statutes, including 42

U.S.C. §§ 1983, 1985.  Courts have construed section 1988 to hold prevailing

---

    [1]  Although Plaintiff does not raise the issue of preemption in its Response Brief, Defendants devote much of their Reply Brief to the issue of preemption, that 42 U.S.C. § 1988(b) does not preempt C.R.S. § 24-10-110(5)(c).

defendants who seek a fee award to a higher standard than prevailing plaintiffs.  In particular, a defendant is not entitled to a fee award unless the plaintiff's action was frivolous, unreasonable, or without foundation.  *Cobb v. Saturn Land Co.*, 966 F.2d 1334, 1338 (10th Cir. 1992); *Lanseth v. County of Elbert*, 916 P.2d 655, 658 (Colo. Ct. App. 1996) (cited in Defendants' Reply Brief, Doc. #198 at ¶ 6; discussing an award of attorneys' fees pursuant to section 1988 in connection with section 1983 claims).

In the instant case, Defendants have not alleged, and the Court does not conclude, that Plaintiff's action was frivolous, unreasonable, or without foundation. Though one claim and part of another were dismissed by way of Plaintiff's stipulated Motion to Dismiss, the majority of claims proceeded to the summary judgment stage. The mere fact that the remaining claims were summarily dismissed does not render them frivolous, and none of the remaining claims were dismissed on such grounds. Further, the Court initially found sufficient merit in Plaintiff's claims to appoint counsel to represent him.  (Doc. # 29.)

Turning to the voluminous invoice records submitted by Defendants in support of their Motion for Fees, the Court notes that Defendants failed to identify which fees are specifically linked to the state law assault and battery claim and are likely unable to do so, given the intertwined nature of the federal and state claims.  Even if Defendants could identify fees linked solely to the state law claim, such fees are not compensable because they are "infused with the federal policy interest in enforcement of the federal civil rights laws." *Haynes*, 214 F. Supp. 2d at 1123.

7

Accordingly, for the foregoing reasons, it is ORDERED that Defendants' Motion for Attorney Fees (Doc. # 189) is DENIED.

III.   **DEFENDANTS' MOTION FOR LEAVE TO PROCEED WITH TAXATION OF THE BILL OF COSTS**

On November 17, 2009, Defendants filed a Motion for Leave to Proceed with Taxation of the Bill of Costs (Doc. #194), pursuant to Fed. R. Civ. P. 54(d)(1), which states that costs (other than attorney's fees), should be allowed to the prevailing party, unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise.  Defendants contend that they are entitled to their costs because they prevailed on their motion for summary judgment.[2]  (Doc. # 182.)

Plaintiff objects to Defendants' Motion on five grounds.  First, Plaintiff contends that the time for moving to amend the Court's September 29, 2009 Final Order pursuant to Fed. R. Civ. P. 59(e) passed and Defendants did not move to amend within the time permitted.  Second, Plaintiff contends that the instant Motion is untimely because an unopposed motion to extend Defendants' time to file a motion for fees and bill of costs (Doc. #184) did not include a stipulation to "extend the 10-day deadline to file a motion to amend the judgment under Fed. R. Civ. P. 59(e)[3] and plaintiff never agreed to any

---

[2]  On September 29, 2009, the Court adopted and affirmed the February 19, 2009 Recommendation of the United States Magistrate Judge that Defendants' Motion for Summary Judgment be granted (Doc. # 182, hereinafter, the "September 29 Final Order").  Judgment was entered by the Clerk on September 30, 2009 (Doc. # 183).  Neither the Court's Final Order nor the Judgment addressed the issue of costs.

[3]  Because the instant motions were filed before the December 1, 2009 effective date of the revisions to the Federal Rules of Civil Procedure and the Court's Local Rules, the Court applies the Rules in effect as of the filing date of the instant motions.

such stipulation." (Doc. # 196, ¶ 4.) Third, Plaintiff contends that the instant Motion fails to "state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion," as required by D.C.Colo.L.Civ.R. 7.1. Fourth, Plaintiff objects to the "absurd" nature of Defendants' Motion, given that he is an inmate serving 96 years in prison and only earns 20 cents per day, which would take him several decades to pay Defendants' $3,079 in stated costs. (Doc. # 196, ¶ 7.) Fifth, Plaintiff contends that Defendants failed to hold a conference to resolve disputes regarding costs in advance of appearing before the Clerk of the Court, as required by D.C.Colo.L.Civ.R. 54.1. (*Id.*, ¶ 9). For the following reasons, the Court overrules Plaintiff's objections.

First and foremost, Defendants' Motion clearly states that Defendants are entitled to their "reasonable costs" pursuant to Fed. R. Civ. P. 54(d)(1). (Doc. # 194, ¶ 5). At no point do Defendants state that they seek to alter or amend the September 30, 2009 Judgment or otherwise file the instant Motion under Fed. R. Civ. P. 59. Further, Rule 59(e) is generally only invoked "to support reconsideration of matters properly encompassed in a decision on the merits." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451-52 (1982) (holding that a motion for fees is separate from the underlying decision on the merits and does not imply a change in the underlying decision).

Rule 54(d)(1) clearly allows costs to the prevailing party, unless otherwise prohibited by a federal statute, the Federal Rules of Civil Procedure, or a court order.

*See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).  "This principle must be...applied, unless the losing party can show that equity and good conscience require a different judgment."  *Hodgman v. Atl. Refining, Co.*, 20 F.2d 949, 951 (D. Del. 1927).  A plaintiff's inmate and/or indigent status does not take away a prevailing defendant's right to an award of reasonable costs.  *See*, *e.g.*, *Anderson v. Cunningham*, 319 Fed. Appx. 706 (10th Cir. 2009) (affirming cost award against *pro se* inmate upon a grant of summary judgment); *Lucero v. Mesa County Sheriff's Dept.*, 297 Fed. Appx. 764 (10th Cir. 2008); *Florence v. Peterson*, No. 06-cv-00178, 2007 WL 1793899 (D. Colo. June 19, 2007) (granting costs against *pro se* inmate upon grant of motion to dismiss).  However, "[i]ndigence is a factor that may be considered in determining whether an award of costs under Rule 54(d)(1) should be excused or reduced."  *Rutherford v. Cabiling*, No. 00-cv-02444, 2006 U.S. Dist. LEXIS 56167, at *3 (D. Colo. Aug. 11, 2006).  A district court does not abuse its discretion in awarding costs to the prevailing party simply because the non-prevailing party was indigent.

*See Rodriguez*, 360 F.3d at 1190-01; *Rutherford*, 2006 U.S. Dist. LEXIS 56167, at *5. The denial of costs is "in the nature of a severe penalty...and there must be some apparent reason to penalize the prevailing party if costs are to be denied."  *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995); *see also Burroughs v. Hills*, 741 F.2d 1525, 1537 (7th Cir. 1984) (Posner, J., concurring) (reasoning that the denial of costs against a financially-strapped plaintiff would not contribute to a more egalitarian

distribution of wealth, since the legal expenses of the public official defendants were borne by taxpayers, most of whom are themselves persons of limited means).

By stipulation, the parties' extended Defendants' time to file a motion for fees and a bill of costs from October 13, 2009 up to and including November 2, 2009.  (Doc. #184 at ¶¶ 5, 7).  Between October 2, 2009 and around November 1, 2009, Defendants attempted to confer with Plaintiff to resolve disputes regarding costs, pursuant to D.C.Colo.L.Civ.R. 54.1.  Upon concluding that no resolution could be reached, Defendants submitted their Bill of Costs with the Court Clerk on November 2, 2009 (Doc. #190), the stipulated extended deadline.  On November 16, 2009, the Court Clerk informed Defendants' attorney that the Court's leave must first be obtained because the Court's September 29 Final Order made no reference to the awarding of costs.  Accordingly, Defendants promptly filed the instant Motion on November 17.  Because the instant Motion is filed under Fed. R. Civ. P. 54(d)(1), it is timely pursuant to the Defendants' Unopposed Motion for Extension of Time (Doc. #184).

For the foregoing reasons, the instant Motion was timely filed, complied with the Court's Local Rules, and seeks costs to which Defendants, as the prevailing party, are entitled.  Any hardship to Plaintiff does not warrant the imposition of a severe penalty on Defendants.

11

Accordingly, it is ORDERED that Defendants' Motion for Leave to Proceed with Taxation of the Bill of Costs (Doc. # 194) is GRANTED.

DATED:  December  15 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge